IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL CRAVEY,
a/k/a THOMAS BRINKLEY,

    Plaintiff,

v.                               CASE NO. 1:14-cv-41-MP-GRJ

GAINESVILLE POLICE DEPARTMENT, et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

    This matter is before the Court on Doc. 1, a handwritten document docketed as a *pro se* complaint and motion for injunctive relief. The Plaintiff is identified as "Michael Cravey a/k/a Thomas Brinkley," who provides an address in Chicopee, MA, although the envelope in which it was mailed is postmarked Philadelphia, PA. *See* Doc. 1. Plaintiff has neither paid the court's filing fee nor sought leave to proceed as a pauper. The Court will not direct Plaintiff to correct these deficiencies because the allegations of the complaint are patently frivolous. Plaintiff contends, *inter alia,* that "the Gainesville Police Department chased me with a hatchet at Best Buy . . . [a GPD Officer] is Illuminati in a vast conspiracyy with Aurora Police Chief . . . for new world order masterminded by Abdurehim Kurban who used hatchets to kill innocent sheeple in a Chinese train station. Edward Scissorhands was a witness. Defendants plan to cut my face and make me the next Scarface. I seek a restraining order." Doc. 1.

    The Court takes judicial notice that some of the matters referenced by Plaintiff appear to concern a recent case in Gainesville in which it is alleged that a Michael

Cravey a/k/a Thomas Brinkley attacked an employee of the University of Florida and then fled to the parking lot of a Best Buy store where he wielded a hatchet. Cravey was subsequently shot and killed by police.[1] Plaintiff makes other allegations that are wholly incomprehensible and need not be discussed further. Doc. 1.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)). A dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i) is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

This is plainly such a case. Plaintiff's allegations are not simply frivolous, they are wholly incredible. The Complaint bears a striking resemblance to similar complaints filed by Jonathan Lee Riches, a person who has gained some notoriety for filing large numbers of frivolous lawsuits. Nothing further need be said about Riches' filing history, except to note that this Court has ordered that filings received from Riches be referred to the Magistrate Judge before filing. *Riches v. Nordegren*, Case No. 1:10-cv-19-MP-AK, Doc. 4 (3/16/10). Pleadings filed pseudonymously by Riches, or on behalf of

---

[1]*See* Gainesville Sun article, March 6, 2014, published online at http://www.gainesville.com/article/20140306/ARTICLES/140309747.

Riches, should be subject to the same restriction.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed as frivolous, and that filings received in the name of "Michael Cravey a/k/a Thomas Brinkley" be referred to the undersigned for screening before filing.

**IN CHAMBERS** this 28th day of March 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**